■ In the Matter of ALFRED KOCH, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION, Respondent. [598 NYS2d 24] — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, the State of New York Division of Housing and Community Renewal Office of Rent Administration dated December 15, 1989, which, after a hearing, ordered that the petitioner comply with the directives of the respondent's January 23, 1987 order and imposed a penalty, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kohn, J.), dated August 9, 1990, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, the issues raised are deemed transferred here pursuant to CPLR 7804 (g), and the respondent's determination is modified to the

extent that the penalty is reduced to $1,000, and the determination is otherwise confirmed and the proceeding is dismissed.

The determination at issue by the respondent was made on December 15, 1989. An order to show cause was signed and the CPLR article 78 petition was filed in the Supreme Court on February 13, 1990, the 60th day after the issuance of the respondent's determination. The proceeding was therefore timely commenced (see, McKinney's Uncons Laws of NY § 8632 [a] [4] [Emergency Tenant Protection Act of 1974; L 1974, ch 576, § 4]; 9 NYCRR 2510.12).

Following an administrative hearing, the respondent State of New York Division of Housing and Community Renewal Office of Rent Administration adopted the findings of its Hearing Officer and determined that the petitioner had failed to correct 4 of the 7 violations delineated in the respondent's January 23, 1987, order and imposed a $3,000 penalty. We find the respondent's determination that the petitioner failed to correct 4 items is supported by substantial evidence (see, CPLR 7803 [4]).

The penalty as imposed by the respondent pursuant to 9 NYCRR 2506.2 (c) (1) (Emergency Tenant Protection Regulations [9 NYCRR 2506.2 (c) (1)]) were improper. The language is clear and unambiguous that the penalty is to be limited to $250 for each of the 4 items in the January 23, 1987 order that the petitioner failed to correct. There is no authority in the regulations for trebling the penalty, and the penalty should therefore be reduced to $1,000. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.